UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 16-98-DLB-JGW

CHIP ROBISON                                                                               PLAINTIFF

vs.                    **MEMORANDUM OPINION AND ORDER**

**NORTHWESTERN MUTUAL**                               **DEFENDANT**
**LIFE INSURANCE COMPANY**

*****************

       This is an action against an insurance company for the payment of benefits on a life insurance policy.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

       Defendant Northwestern Mutual Life Insurance Co. (Northwestern Mutual) removed this case from Boone County Circuit Court in June of 2016.  (Doc. # 8).  Northwestern Mutual moved for summary judgment on December 13, 2016.  (Doc. # 15).  Plaintiff did not respond or move for an extension.  Although the Local Rules provide that failure to timely respond to a motion may be grounds for granting the motion, L.R. 7.1(c), the Court will reach the merits.

**I.**        **Factual and Procedural Background**

       Defendant Northwestern Mutual is a Wisconsin corporation authorized to transact business in Kentucky.  (Doc. # 9 at ¶ 12).  Northwestern Mutual issued a life insurance policy with a face value of $340,000 on the life of Holli Theele Robison on August 28, 2007.

1

(Doc. # 15-2 at ¶ 2; Doc. # 15-3 at 3, 5). Ms. Robison was both the insured and the owner of that policy, numbered 17987822. (Doc. # 15-2 at ¶ 3; Doc. # 15-3 at 5). When the policy was issued, the designated direct beneficiary of Ms. Robison's policy was Chip Robison, her spouse. (*Id.*)

Ms. Robison's policy allowed her, as the owner, to change the designated beneficiary if she made a written request to Northwestern Mutual. (Doc. # 15-2 at ¶ 4; Doc. # 15-4 at 11-12). In September of 2010, Ms. Robison submitted a form revoking all prior beneficiary designations and naming her mother, Pamela W. Theele, the direct beneficiary of her policy. (Doc. # 15-2 at ¶ 5; Doc. # 15-3 at 25). On the same form, Ms. Robison named her father, Michael G. Theele, the contingent beneficiary (who would receive payment if the direct beneficiary did not survive the insured). (*Id.*)

In March of 2013, Northwestern Mutual learned that Ms. Robison had passed away in January of that year. (Doc. # 15-2 at ¶ 6; Doc. # 15-4 at 2). Pamela W. Theele, the direct beneficiary named in 2010, applied for the proceeds of Ms. Robison's life insurance policy. (*Id.*) Northwestern Mutual paid the benefits to Ms. Theele on March 26, 2013. (Doc. # 15-2 at ¶ 7; Doc. # 15-5 at 2).

In May of 2016, more than three years later, Chip Robison filed a complaint in Boone County Circuit Court seeking payment of the full policy amount. (Doc. # 8-1). Chip Robison is the guardian and next friend of C.M.R. and C.A.R., two minor children who Mr. Robison claims are the beneficiaries of Holli Theele Robison's Northwestern Mutual life insurance policy. (*Id.* at 4-5). Chip Robison requested a binding declaration under Kentucky's Declaratory Judgment Act, Ky. Rev. Stat. Ann. § 418.040, that the minor

2

children are the intended beneficiaries of the policy. (*Id.* at 5). He also asked the circuit court to order Northwestern Mutual to pay the full policy amount to the minor children, with the money to be held by Chip Robison in a secure account until the children reach the age of majority. (*Id.*) In addition, Chip Robison sought damages, post-judgment interest, costs, and attorney's fees. (*Id.*) The complaint made no allegations of fraud or improper conduct.

Northwestern Mutual promptly removed the case to this Court (Doc. # 8) and has moved for summary judgment (Doc. # 15).

**II.     Analysis**

    **A.     Standard of Review**

Summary judgment is appropriate when there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). If there is a dispute over facts that might affect the outcome of the case under governing law, entry of summary judgment is precluded. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the ultimate burden of persuading the court that there are no disputed material facts and that they are entitled to judgment as a matter of law. *Id.* Once a party files a properly supported motion for summary judgment by either affirmatively negating an essential element of the non-moving party's claim or establishing an affirmative defense, "the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 250. "[I]n the face of the defendant's properly supported motion for summary judgment, the plaintiff c[an]not rest on his allegations . . . without any significant probative evidence tending to support the complaint." *Id.* at 249 (internal quotation marks omitted). "[T]here is no issue for trial unless there is sufficient

evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

  **B.**  **The Life Insurance Policy**

The complaint seeks a binding declaration of rights under Kentucky's Declaratory Judgment Act, Ky. Rev. Stat. Ann. § 418.040, that the minor children C.M.R. and C.A.R. are the intended beneficiaries of Holli Theele Robison's life insurance policy. (Doc. # 8-1 at 5). It also seeks payment of the full policy amount to Plaintiff, damages, post-judgment interest, and attorney's fees. (*Id.*) Because Ms. Robison was a Kentucky resident when she entered into the contract (*see* Doc. # 8-1 at 4; Doc. # 15-3 at 17), Kentucky law applies. *See Lewis v. Am. Family Ins. Grp.*, 555 S.W.2d 579, 581-82 (Ky. 1977) (Kentucky applies the law of the state with the "most significant relationship to the transaction and the parties"); *Poore v. Nationwide Mutual Ins. Co.*, 208 S.W.3d 269, 271 (Ky. Ct. App. 2006) ("In applying the most significant relationship test, Kentucky courts have recognized that in most cases the law of the residence of the named insured will determine the scope of the coverage.").

Under Kentucky law, "'[w]here the right to change the beneficiary is reserved by the insured, this right is part of the contract from its inception, and may be exercised by the insured at any time before his death, for not until then does the right of the named beneficiary become vested.'" *Bays v. Kiphart*, 486 S.W.3d 283, 290 (Ky. 2016) (quoting *Farley v. First Nat'l Bank*, 61 S.W.2d 1059, 1061 (Ky. 1933)). Ms. Robison was both the insured and the owner of her life insurance policy, and her contract with Northwestern Mutual provided that she could name and change the beneficiaries of her policy while she was living. (Doc. # 15-2 at ¶ 4; Doc. # 15-4 at 11-12). She did just that in September 2010, designating her mother, Pamela W. Theele, the direct beneficiary of her policy. (Doc. # 15-

2 at ¶ 5; Doc. # 15-3 at 25). Plaintiff has set forth no facts in support of his contrary assertion that C.M.R. and C.A.R. were the policy's designated beneficiaries at the time of Ms. Robison's death or at any other time. Further, Ms. Robison's life insurance benefits were paid to Pamela W. Theele, the designated beneficiary, on March 26, 2013. (Doc. # 15-2 at ¶ 7; Doc. # 15-5 at 2). Plaintiff has set forth no facts to dispute the propriety of this payment.

For all these reasons, the Court finds that the life insurance policy at issue has been properly paid to the designated beneficiary, Pamela W. Theele, consistent with the September 2010 change to the beneficiary form.

### III. Conclusion

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Defendant's Motion for Summary Judgment (Doc. # 15) is **granted**;

(2) Plaintiff's complaint is **dismissed with prejudice**;

(3) This matter is **stricken** from the Court's active docket; and

(4) A Judgment shall be entered contemporaneously herewith.

This 7th day of February, 2017.



Signed By:
David L. Bunning DB
United States District Judge

K:\DATA\ORDERS\Cov16\16-98 Robison MOO.wpd